NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

No. 5570.

United States Court of Appeals First Circuit.

Feb. 25, 1960.

William Q. Keenan, New Haven, Conn., Arthur D. Healey, Boston, Mass., on the brief, for appellant.

Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., George Cochran

Doub, Asst. Atty. Gen., Elliot L. Richardson, U. S. Atty., Boston, Mass., and Douglas A. Kahn, Atty., Dept. of Justice, Washington, D. C., on the brief, for appellee.

Before WOODBURY, Chief Judge, HARTIGAN, Circuit Judge, and DAY, District Judge.

DAY, District Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts dismissing the plaintiff-appellant's complaint after a trial before the court without a jury.

The plaintiff-appellant brought this action against the defendant-appellee under the Tucker Act, 28 U.S.C.A. § 1346(a)(2), to recover $1,756.97, the amount of certain deductions made by the Government in its payment of bills rendered to it by plaintiff-appellant for certain transportation services performed by plaintiff-appellant during the years 1955 and 1956. These deductions were made pursuant to the authority conferred by Section 322 of the Transportation Act of 1940, 49 U.S.C.A. § 66,[1] and were based upon the determination that plaintiff-appellant had overcharged the United States for transportation services performed during World War II. The bills for these latter services had been paid upon presentation without prior audit, as required by said Section 322. The overcharges, amounting to said sum of $1,756.97, had been administratively determined by the General Accounting Office on the post-payment audit contemplated by said section.

The only issue before the district court was whether said charges for said World War II shipments were correct. If they were correct, then the deductions involved here were improperly made.

1. "§ 66. Government traffic; payment for transportation; deduction of overpayments

"Payment for transportation of the United States mail and of persons or property for or on behalf of the United States by any common carrier subject to the Interstate Commerce Act, as amended, or the Civil Aeronautics Act of 1938, shall be made upon presentation of bills therefor, prior to audit or settlement by the General Accounting Office, but the right is reserved to the United States Government to deduct the amount of any overpayment to any such carrier from any amount subsequently found to be due such carrier."

For the purposes of this case the parties agreed that one particular shipment was typical of the shipments for which the Government claimed to have been overcharged. This shipment comprised 30,100 pounds of military material. It was made under a Government bill of lading which called for a closed freight car forty feet six inches long. Although a car of that length would have been adequate, the originating carrier supplied a car which was fifty feet in length.

To determine the freight charge for such a carload shipment the rate set forth in the tariff for the commodity shipped is multiplied by either the actual weight of the shipment, or by a minimum weight if that exceeds the actual weight. Under Rule 34 of the Consolidated Freight Classification this minimum weight varies with the length of the freight car. The car ordered by the Government was subject to a minimum weight of 24,000 pounds; the minimum weight for the car furnished with 38,880 pounds. The plaintiff-appellant charged and collected on the basis of minimum weight for the car furnished and used rather than upon the basis of the actual weight of the shipment or the minimum weight for the car ordered.

In its post-payment audit, the General Accounting Office recomputed the charges made and collected as aforesaid for the shipments involved upon the basis of the actual weight of each shipment (which exceeded the minimum weight for the car ordered) and determined that overpayments amounting to $1,756.97 had been made to the plaintiff-appellant. Said sum was then deducted from said bills for services performed in 1955 and 1956.

During the trial, plaintiff-appellant introduced no evidence to show that a car of the length ordered by the Government was unavailable to the originating carrier at the time the Government engaged its services. On the contrary, it took the position that, by virtue of Service Order 68, 8 F.R. 8513, it was entitled to charge on the basis of the minimum weight for the car furnished and used, whether or not the car ordered was in fact available.

At the conclusion of the plaintiff-appellant's case, the Government rested. Thereupon the court, upon the motion of the latter, entered judgment dismissing the complaint.

In our opinion this case is ruled by the decision of the Supreme Court in United States v. New York, N. H. & H. R. Co., 1957, 355 U.S. 253, 78 S.Ct. 212, 2 L.Ed. 2d 247. See also New York, N. H. & H. R. Co. v. United States, 1 Cir., 1959, 272 F.2d 333.

Judgment will therefore be entered affirming the judgment of the district court.